UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA SPECIALTY CROPS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>MINNESOTA WILD HOCKEY CLUB, LP, and NHL ENTERPRISES, LP,<br><br>Defendants. | CIVIL ACTION NO. 00-CV-2317 JRT/RLE |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-identified action, through their respective counsel, that the terms and conditions of this Stipulated Protective Order shall govern the production and handling of documents, answers to interrogatories, responses to requests for admission, depositions, pleadings, exhibits and other information exchanged by the parties in this action.

IT IS HEREBY ORDERED AS FOLLOWS:

1. This Order shall be applicable to and govern all depositions, documents, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure and the Orders of this Court, as well as testimony, matters in evidence and other information furnished by or on behalf of any party to this action. This Order shall also be applicable to any materials furnished by either party pursuant to the Stipulated Protective Order between Minnesota Specialty Crops, Inc. and Minnesota Wild Hockey Club, LP in their proceedings before the Patent and Trademark Office. The parties further stipulate and



FILED FEB 20 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

agree that all such materials furnished in the related proceedings between Minnesota Specialty Crops, Inc. and Minnesota Wild Hockey Club, LP before the Patent and Trademark Office may be used by the parties and their counsel as if furnished in this federal court action.

2. A party may designate as CONFIDENTIAL any information which that party in good faith believes constitutes proprietary or confidential information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would cause such third parties to maintain in confidence.

3. CONFIDENTIAL material shall be used by the parties in this action solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and shall not be disclosed to any person, firm, or corporation except in accordance with the terms hereof.

4. Third parties that are called upon to produce information and/or materials during this litigation, whether by subpoena or otherwise, may also designate such information and/or materials as CONFIDENTIAL in accordance with the provisions and categories of this Stipulated Protective Order.

5. Information designated as CONFIDENTIAL may be disclosed only to the following persons:

a. Counsel for the respective parties. As used herein, "counsel" shall mean, in the case of Plaintiff, Minnesota Specialty Crops, Inc., attorneys of the firm of DORSEY & WHITNEY LLP, together with the clerical, litigation support and paralegal employees of the firm; in the case of Defendants, Minnesota Wild Hockey Club, LP and NHL Enterprises, LP, attorneys of the firms of LEONARD, STREET AND DEINARD

and DEBEVOISE & PLIMPTON together with the clerical, litigation support and paralegal employees of those firms, and attorneys within the Legal Department of NHL Enterprises, together with its clerical, litigation support and paralegal employees.

b. Expert witnesses retained by the parties who need to be consulted by counsel in preparation for trial of this action, provided each such expert witness has read this Stipulated Protective Order in advance of disclosure and has signed a confidentiality agreement in the form of Exhibit A before gaining access to confidential information and/or materials.

c. Court reporters, interpreters, translators and copy services retained by outside counsel.

d. The Court under seal.

6. Each person receiving CONFIDENTIAL material from a disclosing party shall maintain such information, and all copies, summaries, abstracts or indices thereof, in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/or her own proprietary information.

7. Parties shall designate CONFIDENTIAL material as follows:

a. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by announcing at the time of production and by placing the appropriate legend "CONFIDENTIAL" on any such document copied or to be copied prior to production.

In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as CONFIDENTIAL material at the time of its production,

that party shall have ten (10) business days after such production to so stamp or otherwise designate the document or other information. Each document, regardless of designation, shall be treated as containing CONFIDENTIAL material for the first ten (10) business days after production of such document.

b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL material shall be made by a statement to such effect on the record in the course of the deposition or by listing, on a separate piece of paper, the numbers of the pages and lines of the transcript containing CONFIDENTIAL material within thirty (30) days after receipt of the transcript. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL material. If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL material.

c. Transcripts of depositions, or portions thereof, will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters.

8. A party shall not be obligated to challenge the propriety of any CONFIDENTIAL material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this action disagrees at any stage of this action with such designation, such party shall provide to the disclosing party ten (10) business days' prior written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party

challenging the designation may request appropriate relief from the Court following the specified ten (10) business day period. The burden of proving that information has been properly designated as CONFIDENTIAL material is on the party making such designation.

9. The Clerk of the Court shall maintain in sealed envelopes all documents and all transcripts of deposition testimony filed with the Court in this action by any party which are, in whole or in part, designated as CONFIDENTIAL material, including all pleadings, deposition transcripts, exhibits, affidavits, declarations, discovery responses or memoranda purporting to contain or paraphrase such information. The person filing such material shall submit that material in a sealed envelope marked as follows:

Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, LP and NHL Enterprises, LP, Civil Action No. 00-CV-2317 JRT/RLE

**PROTECTIVE ORDER**

**CONTAINS CONFIDENTIAL INFORMATION**

**TO BE OPENED ONLY AS DIRECTED BY THE COURT**

10. In the event that any CONFIDENTIAL material is used before the Court in connection with this action, it shall not lose its CONFIDENTIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

11. This Order shall not be construed: (a) to prevent any party or its attorneys from making use of information which was lawfully in its possession prior to its disclosure by the disclosing party, (b) to apply to information which appears in printed publications or becomes publicly known without fault of the receiving party, or (c) to apply to information which any

party or its attorney has, after disclosure by a disclosing party, lawfully obtained from a third party having the right to disclose such information.

12. Nothing in this Order shall preclude outside counsel from (a) showing a document designated as CONFIDENTIAL material to an individual who either prepared or reviewed the document prior to the filing of this action, (b) disclosing or using, in any manner or for any purpose, any information or documents from a party's own files which the party itself has designated as CONFIDENTIAL material, or (c) using any information or documents designated by a disclosing party as CONFIDENTIAL material at a deposition of the disclosing party or its employees.

13. All CONFIDENTIAL material received from a disclosing party and all copies, summaries, abstracts or indices thereof shall be returned to outside counsel within sixty (60) days of the termination of this action, including all appeals.

14. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 14, inclusive, hereof.

Frederick W. Morris, Esq. (#75358)
Nicole A. Engisch, Esq. (#215284)
Leonard, Street and Deinard
Professional Association
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
(612) 335-1500

Peter M. Lancaster, Esq. (#159840)
Dorsey & Whitney LLP
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498
(612) 340-7811

Of Counsel:

Bruce P. Keller, Esq.
Debevoise & Plimpton
875 Third Avenue
New York, NY 10022
(212) 909-6000

ATTORNEYS FOR DEFENDANTS

ATTORNEYS FOR PLAINTIFF

SO ORDERED:

Dated: 02/20/01

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| MINNESOTA SPECIALTY CROPS, INC. | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 00-CV-2317 JRT/RLE |
| vs. | ) | |
| MINNESOTA WILD HOCKEY CLUB, LP, and NHL ENTERPRISES, LP, | ) | |
| Defendants. | ) | |

**AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION**

STATEMENT OF ________________________

1. I have been requested by counsel for _________________ to assist counsel with certain information and/or materials which I have been informed have been designated as "CONFIDENTIAL" within the terms of the Stipulated Protective Order issued by the Court in the above-referenced action.

2. I have read the Stipulated Protective Order entered in this action and I agree not to disclose any information and/or materials designated as "CONFIDENTIAL" and not to use such information and/or materials other than in assisting counsel for ____________.

3. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for enforcement of the undertakings I have made here.

Dated: _________________, 2001 Signed: _____________________________

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE***.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.