UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Minnesota Specialty Crops, Inc.,

Plaintiff,

vs. MINUTE ORDER

Minnesota Wild Hockey Club, L.P., and NHL Enterprises, L.P.,

Defendants, Civ. No. 00-2317 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of December, 2001.

## I. Introduction

On December 13, 2001, the Court heard argument on the Defendants' Renewed Motion to Compel Discovery by Plaintiff, and on the Plaintiff's Motion to Compel. At the time of the Hearing, the Plaintiff appeared by Peter M. Lancaster, Esq., and the Defendants appeared by Nicole A. Engisch, and Frederick W. Morris, Esqs. For reasons expressed during the course of the Hearing, and briefly reiterated below, we grant, in part, the Defendants' Renewed Motion to Compel, and we grant, in part, the Plaintiff's Motion to Compel.

## II. Discussion

In our Orders of August 16, 2001, and September 29, 2001, we directed the parties to "meet and confer" on several discovery

FILED DEC 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

issues which had eluded their obligation to seek a resolve without Court intervention. In spite of our directive, that the parties were to "immediately" contact the Court should they be unable to resolve these remaining disputes, we heard nothing from the parties, concerning their apparent failure to responsibly "meet and confer" until their current Motions were filed. Both of the parties present Motions which request Court assistance in compelling discovery that is well-overdue. We consider their Motions in turn.

## III. Defendants' Renewed Motion to Compel

In this Motion, the Defendants seek to compel discovery responses in three separate areas, and we address each separately.

### A. The Motion to Compel Answer to Interrogatory Number 2.

In its reframed, and more constricted form, the Defendants' Interrogatory Number 2 asks the Plaintiff to provide the "total number of units sold and total dollar amount of each product sold by MSC [i.e., the Plaintiff] on an annual basis, and" "[t]he stores or other locations at which such sales have taken place." Defendants' Memorandum of Law in Support of their Renewed Motion to Compel Discovery by Plaintiff ("Defendants' Brief"), at 4. The Defendants have further limited their request to the Plaintiff's sales within the State of Minnesota. Id. The Plaintiff contends that it has provided all of the relevant records to the Defendants

such that the Defendants can compile this information for themselves, that it would take an inordinate amount of time for the Plaintiff to produce a response in the manner requested by the Defendants, and that any report it could produce would be worthless.

After having reviewed the Answers to Interrogatory Number 2, which have already been provided by the Plaintiff, we are left unconvinced that the material already provided to the Defendants is sufficient for the Defendants to do an accounting on their own, as the Answers contain very generalized data that do not lend themselves to a meaningful accounting. Ordinarily, we would not require a party to maintain financial records, and reports, in a format suitable to an opposing litigant, but we are satisfied that the Plaintiff is able to collate its financial information in ways suitable to advance its interests, and leave the remaining information, which may not fully support its contentions, in a hodge podge of register tapes, and the like. Thus, we conclude that the Defendants are entitled to an Answer to their narrowed Interrogatory, and we direct the Plaintiff, to the best of its ability, to produce a meaningful and full response. If, as the Plaintiff suggests, no such meaningful response is producible, as the requisite financial records, receipts and invoices, are lost or destroyed, then the Plaintiff shall Answer the Interrogatory to that effect, with an explanation as to why a meaningful response is

unattainable, and swear to the accuracy of the same, so the response will have evidentiary worth. Should the Plaintiff's response be inaccurate, or incomplete, then the Defendants are not without their remedies. Therefore, we grant this portion of the Defendants' Motion to Compel.

B. The Motion to Compel an Answer to Interrogatory Number 9.

In Interrogatory Number 9, the Defendants seek information concerning the damages alleged by the Plaintiff. At the Hearing, the Defendants clarified that they understood the Plaintiff to be claiming nominal damages and, accordingly, they seek a response that discloses the nature and amount of the damages the Plaintiff claims to be nominal, as well as a recitation, or computation, as to how those damages were calculated. The Plaintiff maintains that it could not place a dollar amount on the claimed nominal damages, as such damages were not quantifiable. The Defendants responded that even if the Plaintiff were to claim that its nominal damages were not quantifiable, it should still be directed to Answer Interrogatory Number 9, so as to preclude a change of heart, by the Plaintiff, at the time of Trial. Finding that the Defendants are entitled to a full response as to the nature, and amount of nominal damages the Plaintiff claims, we grant this aspect of the Defendant's Motion to Compel. If the amount of damages are so nominal

as to withstand any accounting, then the Plaintiff should so respond in an Answer that has evidentiary worth.

C. The Motion to Compel Rule 30(b)(6) Deposition.

In our Order of September 29, 2001, we directed that the Defendants be allowed to take the Rule 30(b)(6) deposition of Jay Erckenback ("Erckenback"), an owner of the Plaintiff, but that the parties should first "meet and confer" to narrow the scope of any further inquiry. Despite ostensible attempts to resolve this issue, a resolution of the scope of the deposition has evaded the parties. The Plaintiff expresses concern that "no human" could provide the detail required by the Defendants as the topics they have noticed, while the Defendants complain that attempts to garner the information in the past has proved unworkable. While we understand that there is a great deal of detailed information at issue in this case, Rule 30(b)(6) requires that the Plaintiff produce someone who is prepared to answer questions on the topics noticed by the Defendants -- even if the deponent must learn information not otherwise of interest to him -- and so it must be.

Both parties represented that, after our rulings on responses to the Defendants' Interrogatories numbered 2 and 9, some of the dispute scope of the deposition has been resolved. To the extent that the Plaintiff remains concerned about the scope of topic nine, and whether that topic contemplates damages only as to losses sus-

tained by the Plaintiff, or also includes damages as allowed under the Federal trademark law -- which could include damages about which Erckenback would be required to glean from the Defendants' documents, many of which have been marked confidential -- we conclude, as the Defendants concede, that only damages sustained by the Plaintiff are subject to Rule 30(b)(6) questioning.

Lastly, the Plaintiff remains concerned about the Defendants use of the term "collateral merchandise" in topic two, and expresses fear that, in employing this terminology, the Defendants seek some strategic advantage, the substance of which is unappreciated by the Plaintiff. More pointedly, the Plaintiff has asserted that it did not recognize the use of that term, in the affected market, nor did it believe that it sold any "collateral merchandise." At best, we face, here, a matter of semantics. Once the Defendants are caused to define what they intend by the phrase "collateral merchandise," the Plaintiff cannot be lulled into adopting a term of art which may not inure to its benefit. Whatever the term employed, this case will be decided on the facts and law, and not by a semantical contrivance.

Thus, we grant the Defendants' Motion to Compel in this respect, and we find that topics 1, 2, 3, 9, and 12, are proper subjects for inquiry, and we remind the parties that we are avail-

able, as the need arises, to resolve any differences during the course of the noted deposition.

III. The Plaintiff's Motion to Compel[1]

As had been true for the Defendants, the Plaintiff seeks to compel discovery in three separate areas, and we consider these requests separately.

A. The Motion to Compel Discovery of Advertisements.

The Plaintiff has requested that the Defendants produce copies of all advertisements, in the relevant areas of food, clothing, beverages, and retail stores. According to the Plaintiff, while the Defendants did produce some documents, they have not supplemented that production, and the Defendants now claim that they have no additional documents to produce. The Defendants maintain that they have produced all of the relevant advertisements, and that any remaining, unproduced advertisements, were created by third parties, and are not in the Defendants' possession. However, as we explained at the Hearing, if the Defendants receive any income related to the use of its Mark by the advertisements created by these third parties, in the relevant areas of food, clothing,

[1]The Defendants argued that this Motion should be struck for failure to comply with our Local Rules, as the Motion was filed well after the expiration of the deadline for nondispositive Motions. However, we have previously considered certain of the issues contained in this Motion and, as to those aspects of the Motion, we address the matter on its merits.

beverages, and retail stores, it is discoverable, notwithstanding who created the advertisement. Thus, we grant this part of the Plaintiff's Motion, and direct the Defendants to supplement their earlier production in accordance with this ruling.

B. The Motion to Compel Revenue Discovery.

The Plaintiff also complains that it has not received full disclosure concerning revenues that the Defendants have earned through licensing, sponsorship, and marketing partner agreements. The Plaintiff contends that, although the Defendants had provided a list of fifteen to twenty sponsors in the relevant areas of food, clothing, beverage, and retail stores, the Defendants had only provided the sponsorship agreements for six of those sponsors. The Plaintiff argues that it should be entitled to the remaining agreements, and we agree.

The Defendants have advised that they only provided those agreements as to sponsors who had actually used the Mark, but we believe that the Plaintiff is entitled to any agreement which resulted in the Defendant receiving revenue for the Mark, in one of the relevant categories, even if the party authorized to utilize the Mark never employed the Mark. Thus, we direct the Defendants to produce all sponsorship, licensing, or market partner agreements

from which they derive any revenue, within the relevant product areas.[2]

As to sponsorship agreements with the Defendant National Hockey League Enterprises ("NHLE"), the Defendants have explained that much of the relevant revenue is in the form of royalties which are not broken down by team, and that, while some portion of that revenue is clearly related to the use of the Mark, it is not possible to ascertain that amount. The Plaintiff is entitled to discovery on the NHLE's revenues from the use of the Mark in the relevant categories, but the Defendants cannot produce what they cannot ascertain. Thus, if the Defendants are unable to compute the what amount of the NHLE's revenues derive from the use of the Mark, we direct the Defendants to provide that response in a manner that has evidentiary value, such as a sworn Answer to an Interrogatory. Thus, subject to this proviso, this part of the Plaintiff's Motion is granted.

[2]The Defendants had also argued that they need not produce some of the sponsorship material because, after they provided the sponsors with certain benefits, such as tickets, game advertising, and special event priority, they actually gained no revenue. However, we do not believe that the Plaintiff should be required to rely on the Defendants' characterization of these agreements, as the Plaintiff is entitled to its own inspection, and characterization, of the records.

C. The Motion to Compel Disclosure of Privileged Documents.

Lastly, the Plaintiff asks that we order the Defendants to produce certain privileged documents, claiming that, by electing to rely on an advice-of-counsel defense, the Defendants have waived any privilege covering these documents. The Defendants counter that they have produced all documents up to February 12, 1998, a date falling a few weeks after the Plaintiff's "cease and desist" letter concerning the Mark, and that they need not produce any documents after that date. We agree that by raising the advice-of-counsel defense, the Defendants have waived their privilege to all documents upon which that defense is based, and which were not prepared in anticipation of litigation. However, we cannot state, with any certainty, a specific cut-off date, after which documents automatically become in anticipation for litigation, and were no longer the basis for an advice-of-counsel defense. Thus, we grant this part of the Plaintiff's Motion and instruct that, irrespective of when a document was prepared, the Defendants should produce any documents, or relevant parts thereof, that are related to their advice-of-counsel defense. To the extent that the documents are not related to such a defense, and are legally privileged, they need not be produced.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendants' Renewed Motion to Compel Discovery by Plaintiff [Docket No. 87] is GRANTED to the extent allowed in the text of this Order.

2. That the Plaintiff's Motion to Compel [Docket No. 90] is GRANTED to the extent allowed in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE